**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RITA DICARLO,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON & JOHNSON, *et al.*,<br><br>    Defendants. | Civil Action No. 17-5855 (MAS) (RLS) |
| SHERRY L. FRANKLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON & JOHNSON, *et al.*,<br><br>    Defendants. | Civil Action No. 17-5861 (MAS) (RLS) |
| LINDA KINDLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON & JOHNSON, *et al.*,<br><br>    Defendants. | Civil Action No. 17-5871 (MAS) (RLS) |

| | |
|---|---|
| BONITA MARINACCIO,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOHNSON & JOHNSON, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 17-5873 (MAS) (RLS) |
| JACKY A. VIENT,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOHNSON & JOHNSON, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 17-5847 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court upon Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc.'s (collectively "Defendants") motions to dismiss Plaintiffs Rita DiCarlo ("DiCarlo")[1], Sherry L. Franklin ("Franklin")[2], Linda Kindley ("Kindley")[3], Bonita Marinaccio

---

[1] (*See* DiCarlo Compl., 3:17-05855, ECF No. 1-1; Defs.' DiCarlo Moving Br., 3:17-05855, ECF No. 23-1.)

[2] (*See* Franklin Compl., 3:17-05861, ECF No. 1-1; Defs.' Franklin Moving Br., 3:17-05861, ECF No. 23-1.)

[3] (*See* Kindley Compl., 3:17-05871, ECF No. 1-1; Defs.' Kindley Moving Br., 3:17-05871, ECF No. 23-1.)

2

("Marinaccio")[4], and Jacky A. Vient's ("Vient")[5] (collectively "Plaintiffs") Complaints for lack of personal jurisdiction.[6] Plaintiffs did not oppose. After consideration of Defendants' submissions, the Court decides Defendants' motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendants' motions are granted.

## I.    BACKGROUND

Plaintiffs' Complaints in this matter were initially filed against Defendants in Rhode Island Superior Court alleging that the talcum powder in Defendants' Baby Powder and Shower to Shower products (collectively the "Products") gave them ovarian cancer. (S*ee generally* Compls.[7]) DiCarlo and Marinaccio are Massachusetts residents, Franklin and Kindley are North Carolina residents, and Vient is a Florida resident. (*Id.* ¶ 1.) Defendants are incorporated under the laws of New Jersey, and have a principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey. (*Id.* ¶ 2-3.) Defendants distribute, sell, and market the Products in Rhode Island. (*Id.* ¶ 10.) Additionally, Defendants are registered with the Rhode Island Secretary of State

---

[4] (*See* Marinaccio Compl., 3:17-05873, ECF No. 1-1; Defs.' Marinaccio Moving Br., 3:17-05873, ECF No. 23-1.)

[5] (*See* Vient Compl., 3:17-05847, ECF No. 1-1; Defs.' Vient Moving Br., 3:17-05847, ECF No. 22-1.)

[6] The Court simultaneously considers Defendants' motions across Plaintiffs' five cases because the briefs Defendants submitted against each Plaintiff's respective Complaint are substantially identical and contend that Plaintiffs' claims must be dismissed because Plaintiffs' complaints were filed in Rhode Island, which does not have personal jurisdiction over Defendants. (*See generally* Defs.' DiCarlo Moving Br.; Defs.' Franklin Moving Br.; Defs.' Kindley Moving Br.; Defs.' Marinaccio Moving Br.; Defs.' Vient Moving Br.) In sum, based on the arguments that Defendants raise collectively against Plaintiffs' Complaints, the Court's analysis as to Defendants' motions in each of the five cases identified in this Memorandum Opinion's case caption is identical. The Court therefore resolves each of the five motions in this one consolidated Memorandum Opinion.

[7] Where the Court cites "Compls." with no individual's name identified, the citation refers collectively and simultaneously to all Plaintiffs' Complaints and the cited paragraph(s) therein.

3

and have a registered agent in East Providence, Rhode Island. (*Id.* ¶¶ 2-3, 10.) At all times relevant to Plaintiffs' claims, Defendants did business in Rhode Island. (*Id.* ¶ 2-3.)

For years, Plaintiffs used the Products daily as advertised. (DiCarlo Compl. ¶ 98; Franklin Compl. ¶ 98; Kindley Compl. ¶ 96; Marinaccio Compl. ¶ 96; Vient Compl. ¶ 98.) Plaintiffs purchased the Products at CVS Pharmacy, Inc. ("CVS") locations in various states. (DiCarlo Compl. ¶ 99; Franklin Compl. ¶ 99; Kindley Compl. ¶ 97; Marinaccio Compl. ¶ 97; Vient Compl. ¶ 99.) For instance, Franklin specifies that she purchased the Products at a CVS in Catawba County, North Carolina. (Franklin Compl. ¶ 99.) Vient, on the other hand, purchased the Products at a CVS in St. Lucie County, Florida. (Vient Compl. ¶ 99.) DiCarlo, Kindley, and Marinaccio do not allege in which state or county they purchased the Products. (*See* DiCarlo Compl. ¶¶ 98-100; Kindley Compl. ¶¶ 96-98; Marinaccio Compl. ¶¶ 96-98.) Additionally, none of the Plaintiffs allege in which state(s) they applied or used the Products, nor does any Plaintiff claim to have purchased or otherwise used the Products in Rhode Island. (*See generally* Compls.)

Plaintiffs leverage twelve Counts against Defendants in the Complaints. These twelve counts include: (1) Negligence; (2) Strict Product Liability—Defective Design; (3) Negligent Infliction of Emotional Distress; (4) Breach of Express Warranty; (5) Breach of Implied Warranty; (6) Concert of Action; (7) Civil Conspiracy; (8) Fraud; (9) Negligent Misrepresentation; (10) Failure to Warn; (11) Rhode Island Deceptive Trade Practices; and (12) Punitive Damages. (S*ee generally id.*) Defendants move to dismiss all Plaintiffs' claims against them for lack of personal jurisdiction. (*See generally* Defs.' Moving Brs.[8])

---

[8] Where the Court cites "Defs.' Moving Brs." with no individual's name attached, the citation refers collectively to Defendants' Moving Brief as it commonly appears in all five cases identified in this Memorandum Opinion's case caption.

## II.     LEGAL STANDARD

Under Federal Rule[9] of Civil Procedure 12 (b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation marks and citations omitted).

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.9 (1984)). General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citing *Daimler*, 571 U.S. at 137). Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum"; (2) the litigation "aris[es] out of or relate[s] to the defendant's contacts with the forum"; and (3) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Goodyear*, 564 U.S. at 923-24 (alterations in original) (internal quotation marks and citations omitted).

---

[9] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted). Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable. *See Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

### III. DISCUSSION

Plaintiffs fail to show that Rhode Island can exercise personal jurisdiction over Defendants. As an initial matter, in a multidistrict litigation ("MDL") proceeding, a "transferee court can [only] exercise personal jurisdiction to the same extent that the transferor court could." *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 n.11 (3d Cir. 2004) (citations omitted); *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1380 (J.P.M.L. 2020) ("Jurisdiction in any federal civil action *must* exist in the district where it is filed. This does not change when an action is transferred under Section 1407.").[10] Here, all five Plaintiffs originally filed their Complaints against Defendants in Rhode Island. (*See generally* Compls.) As such, Rhode Island courts are the transferor courts, and this Court is the transferee court. Accordingly, this Court only can exercise personal jurisdiction to the same extent a Rhode Island court could.[11]

---

[10] "Every federal court to have considered the issue has affirmed that 'the transferee court can exercise personal jurisdiction to the same extent that the transferor court could.'" *Shambaugh & Son, L.P. v. Steadfast Ins.*, 91 F.4th 364, 373 (2024) (quoting *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d at 297 n.11); *see also Howard v. Sulzer Orthopedics, Inc.*, 382 F. App'x 436, 442 (6th Cir. 2010) (quoting *In re FMC Corp. Pat. Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)) ("Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.").

[11] This assumes, of course, that Defendants did not waive personal jurisdiction in Rhode Island. Fed. R. Civ. P. 12(b)(2). No Plaintiff alleges this to be the case.

On the facts alleged, Rhode Island has neither general nor specific jurisdiction over Defendants. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017) ("Since our seminal decision in *International Shoe*, our decisions have recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." (quoting *Goodyear*, 564 U.S. at 919).

First, to establish general jurisdiction over a defendant, a plaintiff must show that the defendant is essentially "at home" in the state a lawsuit is filed. *Daimler*, 571 U.S. at 122. As mentioned previously, "[t]he 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business." *BNSF*, 581 U.S. at 413 (citing *Daimler*, 571 U.S. at 137); *see also Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016). Here, Plaintiffs do not allege that Defendants are incorporated in Rhode Island or that Rhode Island is Defendants' principal place of business. (Compls. ¶¶ 2-3, 10.) As such, Plaintiffs have not shown that Rhode Island courts have general jurisdiction over Defendants.

Second, Plaintiffs' Complaints aver that Rhode Island courts have specific jurisdiction over Defendants because Defendants: (1) are registered with the State of Rhode Island Secretary of State; (2) do business in the State of Rhode Island; and (3) thereby "purposefully avail [themselves] of the State through the distribution, advertisement, and sale of the" Products therein. (*Id.* ¶ 10) "[F]or a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the Forum State.'" *Bristol-Myers Squibb*, 582 U.S. at 264 (quoting *Goodyear*, 564 U.S. at 919). Critically here, while it is likely that Defendants engage in business in Rhode Island, no Plaintiff alleges that they have ever bought the Products, used the Products, or been harmed by the Products in Rhode Island. (*See generally* Compls.) In fact, none of the Plaintiffs allege that they

are from Rhode Island or have ever been in the State. (*See generally id.*) As such, no Plaintiff can reasonably allege that Defendants ever distributed, advertised, or attempted to sell them the Products in Rhode Island, because they themselves do not allege anything to suggest they have any affiliation with the State. (*See generally id.*); *see also Bristol-Myers Squibb*, 582 U.S. at 265 ("The mere fact that *other* plaintiffs were prescribed, obtained, and ingested [a product] in [a certain state] . . . does not allow th[at] [s]tate to assert specific jurisdiction over the nonresidents' claims."). Accordingly, Plaintiffs have failed to establish that Rhode Island courts have specific jurisdiction over Defendants.

Finally, Plaintiffs appear to allege that Rhode Island's long-arm statute grants Rhode Island courts with personal jurisdiction over Defendants notwithstanding the constitutional limitations outlined above. (*See* Compls. ¶ 10.) Rhode Island's long-arm statute provides:

> Every foreign corporation, every individual not a resident of this state or his or her executor or administrator, and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations and such nonresident individuals or their executors or administrators, and such partnerships or associations amenable to suit in Rhode Island *in every case not contrary to the provisions of the constitution or laws of the United States.*

R.I. GEN. LAWS. § 9-5-33(a) (emphasis added). Critically, finding personal jurisdiction over Defendants when Plaintiffs fail to show general or specific jurisdiction in Rhode Island would be "contrary to the provisions of the [C]onstitution or laws of the United States." *Id.*; *see also Diving Servs. v. BTM Mach., Inc.*, No. 16-112, 2017 WL 25463, at *3 (D.R.I. Jan. 3, 2017) ("Rhode Island's long-arm statute 'extends up to the constitutional limitation. Therefore this Court need only focus on the limitations of the Due Process Clause of the Fourteenth Amendment" (quoting

8

*Am. Sail Training Ass'n v. Litchfield*, 705 F. Supp. 75, 78 (D.R.I. 1989))). As such, Rhode Island's long-arm statute does not grant Rhode Island courts personal jurisdiction over Defendants.

All told, Plaintiffs have failed to adequately allege facts to support Rhode Island court's exercise of personal jurisdiction over Defendants. As each Plaintiff's Complaint was originally filed in Rhode Island and only transferred to this Court, each Plaintiff's Complaint, therefore, must be dismissed under Rule 12(b)(2).

## IV.    CONCLUSION

For the reasons outlined above, Defendants' motions to dismiss are granted. An appropriate Order will follow.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE